IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane

Civil Action No. 00-cv-01282-JLK

THE PERSONNEL DEPARTMENT, INC.,
an Indiana corporation,

      Plaintiff,

v.

PROFESSIONAL STAFF LEASING CORPORATION, a Maryland corporation, and
BALA RAMAMOORTHY, an individual,

      Defendants.

_____

JUDGMENT
_____

This matter was tried from August 15, 2005, through August 23, 2005, before a duly sworn jury of twelve, Senior Judge John L. Kane presiding. The trial proceeded to conclusion and the jury rendered its verdict as follows:

VERDICT FORM A
PDI'S CLAIM AGAINST BALA RAMAMOORTHY

1. <u>Liability: Tortious Interference with Prospective Business or Contractual Relations</u>.

    a. Did PDI prove by a preponderance of the evidence that Bala Ramamoorthy "interfered" with the prospective business or contractual relations of PDI? (*See* Instruction Nos. 3.1, 3.3, 3.4

    YES

* * * * *

      b. Did PDI prove by a preponderance of the evidence that Ramamoorthy's interference was both "intentional and improper," as those terms are defined in Instruction 3.5?

      YES

* * * * *

      c. Did PDI prove by a preponderance of the evidence that Ramamoorthy's intentional and improper interference caused Global not to enter into a contract or continue relations with PDI?

      YES

* * * * *

      d. Did PDI prove by a preponderance of the evidence that Ramamoorthy's interference caused PDI to suffer financial damage from the loss of the contractual or business relation? (*See* Instruction No. 3.6.)

      YES

* * * * *

2.    <u>Ramamoorthy's Affirmative Defense of Privilege</u>. (Instructions 3.7, 3.8)

      a. Did Ramamoorthy prove by a preponderance of the evidence that, at the time the Maryland lawsuit was filed, he honestly believed ProLease had a protected legal interest under the Letter of Intent to require PDI to sell its business to ProLease?

      NO

* * * * *

3.    <u>Actual Damages</u>. (Instruction Nos. 3.10-3.12.)

      a. What amount of actual damages (Instr. 3.11) has PDI proven it suffered as a result of the prospective business or contractual relationship lost?

      $2,569,682.00

* * * * *

    b. Did Ramamoorthy prove by a preponderance of the evidence that PDI failed to mitigate its damages? (Instruction No. 3.12.)

    NO

    c. If you answered yes to Question 3(b), enter a dollar amount that represents PDI's failure to mitigate damages.

    $ _____

    d. Subtract the amount reflected in your answer to Question 3(c) from the amount in Question 3(a). This is the total amount of PDI's actual damages.

    $2,569,682.000

4.    <u>Punitive Damages</u>. (Instruction No. 3.13)

    a. Did PDI prove beyond a reasonable doubt that the injury it suffered was attended by circumstances of malice or willful and wanton conduct on the part of Ramamoorthy?

    YES

    **IF YOUR ANSWER TO QUESTION 4 IS YES, ENTER A DOLLAR AMOUNT OF PUNITIVE DAMAGES TO BE AWARDED PDI AGAINST RAMAMOORTHY.**

    $1,812,500.00

VERDICT FORM B<br>PDI'S CLAIM AGAINST PROLEASE

A.    <u>Liability: Tortious Interference with Prospective Business or Contractual Relations</u>. As I explained to you in Instruction 1.4, corporations can act only through their directors, officers, employees, and agents. In this case, ProLease is alleged to have acted through its principal, Mr. Ramamoorthy. Accordingly, if you found in favor of PDI on its claim against Mr. Ramamoorthy, and also find that Mr. Ramamoorthy was acting at all times within the scope of his authortiy as President of ProLease, then judgment will enter against both Ramamoorthy and ProLease under a legal concept called "joint and several liability." In order to assess ProLease's liability, please answer the following questions:

>1. Referring to your answers to Question 1 on Verdict Form A, did you find PDI proved by a preponderance of the evidence each of the four subparts (a) - (d) as to Mr. Ramamoorthy?
>
>YES
>
> * * * * *
>
>2. Referring to your answers to Question 2 on Verdict Form A, did you find in favor or Ramamoorthy on his affirmative defense of privilege, either by answering "no" to question 2(a), or by answering "yes" to both questions 2(a) and 2(b)?
>
>NO
>
> * * * * *

B.   Do you find Mr. Ramamoorthy was acting within the scope of his employment or authority as President of ProLease when he engaged in the acts giving rise to liability for tortious interference with PDI's prospective business or contractual relations?  (*See* Instruction No. 1.4).

>YES

ACCORDING, IT IS ORDERED that judgment is entered in favor of Plaintiff The Personnel Department, Inc., and against Defendants Professional Staff Leasing Corporation and Bala Ramamoorthy, jointly and severally, in the amount of $2,569,682 in actual damages and $1,812,500 in punitive damages on the claim for tortious interference with prospective business or contractual relations.  It is

FURTHER ORDERED that post judgment interest shall accrue as provided by law.  It is

FURTHER ORDERED that Plaintiff shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within ten days of the entry of judgment.

DATED this 25th day of August, 2005.

FOR THE COURT:

Gregory C. Langham, Clerk

By: s/Stephen P. Ehrlich
_____
Stephen P. Ehrlich
Chief Deputy Clerk

APPROVED:

**s/John L. Kane**
John L. Kane, Senior Judge