IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **00-cv-1282-JLK**

**THE PERSONNEL DEPARTMENT, INC.,**

     Plaintiff,

v.

**PROFESSIONAL STAFF LEASING CORPORATION, a Maryland corporation, and BALA RAMAMOORTHY, an individual**,

     Defendants.

---

### ORDER DENYING MOTION TO AMEND JUDGMENT FOR AWARD OF PREJUDGMENT INTEREST

---

Kane, J.

This matter is before me on Plaintiff's post-judgment request for an award of prejudgment interest. Defendants object to the request on two grounds: First that prejudgment interest is not or should not be available in cases invovling tortious interference with prospective economic relations, and second, because PDI in this case waived any right to prejudgment interest by failing either to request such interest in its pleadings or by failing to submit specific evidence demonstrating entitlement to such interest. I reject the assertion that PDI waived its right to request such interest, because its prayers for relief in its various pleadings in this and the Maryland district court were adequate to preserve the issue. Under the specific facts and circumstances of the protracted litigation in this case, however, I decline to amend the judgment to add an award of prejudgment interest.

My determination derives in part from the nature of the underlying claim itself –

tortious interference with prospective business relations – which does not lend itself

easily to the time-value compensatory principle underlying Colo. Rev. Stat. § 5-12-

102(1)(b).  It derives also from the specific facts and circumstances of this case, which

were unique in many respects.  My comments should *not*, however, be construed as an

express determination that prejudgment interest is unavailable as a matter of law in

prospective business advantage cases brought under a Restatement (2d) Torts § 766B

analysis.  That is not my ruling and I believe prejudgment interest may be appropriately

awarded in certain such cases.  My determination is the result of a careful consideration

of the particular circumstances in this case, which include but are not limited to the fact

that PDI did not tailor its evidence to support findings regarding the trigger date for the

accrual of prejudgment interest.  The equities of the case, moreover, which include the

size of the jury's actual damage award and the very protracted nature of the litigation,

also give me pause in considering a post-judgment award of prejudgment interest.

Based on the foregoing, Plaintiff's Motion to Amend Judgments (Doc. 268) to add

an award of prejudgment interest, is **DENIED**.  The request to amend the Motion to

Amend to restate the proposed trigger date for the accrual of prejudgment interest is

**DENIED** as **MOOT.**

Dated: January 23, 2006.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE